```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

INELA ROKO CALA,

      Plaintiff,

v.                              Case No:   2:22-cv-635-JES-KCD

MOORINGS PARK COMMUNITY
HEALTH INCORPORATED,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion For Reconsideration (Doc. #16), filed on December 8, 2022. Plaintiff filed a Response in Opposition[1] (Docs. ##26, 26-1, 26-2) on December 20, 2022, to which defendant filed a Reply (Doc. #29) on January 6, 2023.  For the reasons set forth below, the Court grants the motion to reconsider, and dismisses Count IV with leave to amend.

**I.**

Plaintiff Inela Roko Cala (Plaintiff or Ms. Cala) was employed by defendant Moorings Park Community Health Incorporated

---

[1] Plaintiff filed a Notice of Filing Declaration of Kristina S. Heuser, Esq. (Doc. #26) along with a copy of the declaration from Ms. Heuser and an email Plaintiff's counsel received from the Florida Commission of Human Relations on November 16, 2021. (Docs. ##26-1, 26-2.) The Court construes these documents as Plaintiff's Response in Opposition to the motion for reconsideration.

(Defendant or Moorings Park) from March 2014 until her employment was terminated on or about September 28, 2021. Defendant allegedly terminated Plaintiff's employment because she failed to comply with its COVID-19 vaccine policy. Plaintiff alleges that Defendant wrongfully denied her request for medical and religious exemptions from Defendant's COVID-19 vaccine mandate. On October 7, 2022, Plaintiff initiated this action against Defendant asserting various claims, including Count IV, the count at issue in the motion for reconsideration, which alleges that Defendant violated the Florida Civil Rights Act of 1992, § 760.01, Fla. Stat. (the FCRA). (Doc. #1.)

On November 2, 2022, Defendant filed a Motion to Dismiss, arguing among other things, that Plaintiff's discrimination claim under the FCRA (Count IV) should be dismissed because Plaintiff failed to exhaust her administrative remedies. Specifically, Defendant argued that Plaintiff did not pursue an administrative hearing after the Florida Commission on Human Relations (FCHR) rendered a timely "no cause determination" on May 20, 2022. (Doc. #7, pp. 3-4.)

On December 2, 2022, the Court issued an Opinion and Order denying this part of Defendant's Motion to Dismiss. (Doc. #15.) The Court stated:

> As a jurisdictional prerequisite to filing an FCRA action, Plaintiff must exhaust her administrative remedies by filing a complaint with the FCHR (or the

>EEOC) within 365 days of the alleged violation. § 760.11, Fla. Stat.; Jones v. Bank of Am., 985 F. Supp. 2d 1320, 1326 (M.D. Fla. 2013)(citing Maggio v. Fla. Dept. of Labor & Employment Sec., 899 So.2d 1074, 1079 (Fla. 2005)). **Within 180 days of the filing of the complaint,** the FCHR shall determine whether there is reasonable cause to believe that discriminatory conduct has occurred. § 760.11(3), Fla. Stat. **If the FCHR determines that no reasonable cause exists, the complaint will be dismissed, and the aggrieved person may request an administrative hearing within 35 days of the date of the determination.** § 760.11(7), Fla. Stat. If the aggrieved party **does not request an administrative hearing within 35 days, the claim will be barred.** Id.; Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So.2d 891, 894-95 (Fla. 2002).
>
>**"In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under [Section 760.11] within 180 days of the filing of the complaint, an aggrieved person may proceed . . . as if the commission determined that there was reasonable cause."** § 760.11(8), Fla. Stat. Administrative remedies will be deemed exhausted, and **the aggrieved person may either bring a civil action against the person or entity named in the complaint in any court of competent jurisdiction, or may request an administrative hearing.** § 760.11(4), Fla. Stat.

(Doc. #15, pp. 8-9) (emphasis added).  The Court found that dismissal was not warranted because Plaintiff had filed her complaint with the FCHR online on November 15, 2021.  Therefore, the determination of "no reasonable cause" as to Plaintiff's claim was made **186 days after** Plaintiff filed her complaint, thereby relieving Plaintiff from the condition precedent of an administrative hearing.  (Id., p. 9.)

3

## II.

Defendant now requests that the Court reconsider this portion of its Opinion and Order due to a change in the factual underpinning upon which the Court relied. (Doc. #16.) Defendant maintains that Plaintiff filed her charge of discrimination with the FCHR on **November 22, 2021**, not **November 15, 2021**, thus rendering the FCHR's "no cause" determination on May 20, 2022 timely and within the 180-day period. (Id., pp. 2-3.) As a result, Defendant argues, Plaintiff was required to request an administrative hearing, but failed to do so. (Id.) Because Plaintiff did not exhaust her administrative remedies under the FCRA, Defendant argues that her claim is barred. Defendant requests that the Court, upon reconsideration, grant its motion to dismiss Count IV with prejudice. (Id., p. 4.)

### A. **Motion for Reconsideration Principles**

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). Typically, such a motion for reconsideration may be granted if any of three circumstances are established: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."

4

Pritchard v. Fla. High Sch. Ath. Ass'n, No. 2:19-cv-94-FtM-29MRM, 2020 U.S. Dist. LEXIS 109195, at *4 (M.D. Fla. June 22, 2020)(quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993).

## B. Application of Reconsideration Principles

The issue on reconsideration is the date on which Plaintiff filed her charge of discrimination with the FCHR.  The parties have presented conflicting evidence in connection with the motion for reconsideration.  Defendant has attached Plaintiff's FCHR "Employment Complaint of Discrimination" to the motion for reconsideration.  This document shows that it was signed and dated by Plaintiff on November 22, 2021.  The document is date-stamped by the FCHR as being received on the same day. (Doc. #16-1.)  The FCRA states in part that "[o]n the same day the complaint is filed with the commission, the commission shall clearly stamp on the face of the complaint the date the complaint was filed with the commission[]", and **[i]f the date the complaint is filed is clearly stamped on the face of the complaint, that date is the date of filing.**" § 760.11(1), Fla. Stat. (emphasis added).  The date stamp on the charge is presumptive evidence of the date of filing, but

5

the presumption can be challenged where an error with the date stamp has occurred. Roeder v. Fla. Dep't of Env'tal Prot., 303 So. 3d 979, 981 (Fla. 1st DCA 2020).

In her Response to the motion for reconsideration, Plaintiff provides an affidavit from Kristina S. Heuser, Esq. attesting that Ms. Heuser filed a Complaint of Discrimination with the FCHR on Plaintiff's behalf on November 15, 2021[2]. (Doc. #26-1, ¶ 2.) Plaintiff has also submitted a November 16, 2021 email from Mr. Victor Hernandez-Mejia, a regulatory specialist with the FCHR, which states:

> Good afternoon Mr. Jim Boatman,
>
> My name is Victor Hernandez-Mejia, Regulatory Specialist with the Florida Commission on Human Relations. I am in receipt of your [sic] Inela Cala's complaint. I'm requesting a letter of representation and a formalized Charge at your earliest convenience, if you represent Ms. Cala. I have attached a blank charge of discrimination. The Charge of discrimination will be due 11/23/2021 [sic] if additional time is needed, please inform me as soon as possible.

(Doc. #26-2.)

Whether it was on **November 15, 2021** or **November 22, 2021**, is significant because it affects whether the FCHR issued its "no cause" determination within 180 days of the filing of the complaint, and thus whether Plaintiff was required to request a

---

[2] Plaintiff did not provide a copy of the Complaint of Discrimination that was allegedly filed on November 15, 2021.

hearing in order to exhaust her administrative remedies before bringing her FCRA claim in court.

"The presuit filing of an administrative complaint with the FCHR is a condition precedent that must be pled when filing the civil action." Orange Cnty. v. McLean, 308 So. 3d 1058, 1062 (Fla. 5th DCA 2020)(citations omitted.)  The Complaint does not generally allege that all conditions precedent have occurred or been performed, which would have been sufficient. Fed. R. Civ. P. 9(c). The Complaint does allege that Plaintiff filed a Complaint with the FCHR, but does not state a date on which it was filed. (Doc. #1, ¶34.)  In its prior Opinion and Order, the Court apparently used November 15, 2021, as the filing date based upon allegations made by Plaintiff outside the four corners of the Complaint. (Doc. #14, p. 2 (an Exhibit A was referenced but not attached.)  The Court should not have done so.

The Complaint fails to allege that Plaintiff complied with conditions precedent either generally or specifically.  It is Plaintiff's obligation to allege, and ultimately prove, she complied with the condition precedent of exhausting administrative remedies.  McLean, 308 So. 3d at 1062.  In the absence of the allegation, the Court will dismiss Count IV without prejudice and with leave to amend.  If Plaintiff can make a sufficient allegation, the Court will resolve any dispute pursuant to an appropriate motion or answer.

7

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion for Reconsideration (Doc. #16) is **GRANTED**.
2. The Court dismisses Count IV of Plaintiff's Complaint without prejudice and with leave to file an amended Count IV within twenty-one (21) days of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of January, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record